**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

BROOKLYNNE STANGE, individually, and on behalf of all others similarly situated, :
:
Plaintiff,

vs.

SANIDERM MEDICAL, LLC,

Defendant.
______________________________________/

CIVIL CASE NO.

**NOTICE OF REMOVAL**

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Saniderm Medical, LLC ("Saniderm"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, hereby removes the putative class action titled *Brooklyne Stange, individually and on behalf of others similarly situated v. Saniderm Medical, LLC*, Case No. 50-2025-CA-010164-XXX-AMB, pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Action"), to the United States District Court for the Southern District of Florida, on the following grounds:

**BACKGROUND**

1. On October 1, 2025, Plaintiff Brooklynne Stange initiated the Action by filing a Summons and Complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Attached hereto as **Exhibit A** is an index of documents filed in State court. A copy of Plaintiff's Civil Cover Sheet, Complaint, Summons, and related papers are attached hereto as **Composite Exhibit B**.

2. Saniderm was served with the Summons and Complaint on October 13, 2025. Therefore, this Notice of Removal is timely filed pursuant to 28.U.S.C. § 1446(b)(1), as Saniderm filed this Notice within 30 days after receiving the initial pleadings. Saniderm has not yet served or filed a response to the Complaint.

3. The Complaint asserts a single cause of action under Florida's Telephone Solicitation Act. Specifically, Plaintiff alleges that Defendant violated Florida Statute § 501.059(8)(b) by sending unwanted text message solicitations without complying with the required Caller ID Rules, and by transmitting calls from a telephone number incapable of receiving telephone calls. *See* Compl. ¶¶ 6-8, 34.

4. Plaintiff brings this Action as a purported class action. She seeks to represent a putative class that includes herself and "[a]ll persons and entities that reside in Florida whose caller identification service was transmitted a telephone number that was not capable of receiving telephone calls when Saniderm Text Message Sales Calls were made to them since July 1, 2021." Compl. ¶ 25.

**GROUNDS FOR REMOVAL**

**I. Removal Standard**

5. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."

6. As shown below, this Action is removable to the United States District Court for the Southern District of Florida on two independent bases.

**II. This Court Has Diversity Jurisdiction Over This Action.**

7. The United States District Court for the Southern District of Florida has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states.").

8. In a putative class action, only the citizenship of the named parties is considered when evaluating diversity jurisdiction. Here, the named parties are citizens of different states—Plaintiff alleges that Plaintiff "resides in Palm Beach County, Florida" and Saniderm is a "Foreign Corporation." Compl. ¶¶ 14-15. In fact, Saniderm is a citizen of Utah.

9. The amount in controversy between the individual named Plaintiff and Saniderm in this matter exceeds $75,000, as Plaintiff has characterized the estimated amount of the claim as between $75,001-$100,00. *See* Civil Cover Sheet at Comp. Ex. B.

10. Furthermore, Plaintiff has asserted a claim pursuant to Florida Statute § 501.059(8)(b) which would allow Plaintiff to seek to enjoin Saniderm's statewide marketing campaigns. *See* Compl. ¶ 1, 37; Fla. Stat. § 501.059(10)(a)(1). Such an injunction would require costly changes to Saniderm's marketing and technology systems.

11. Where, as here, the named Plaintiff meets the $75,000 amount-in-controversy requirement, supplemental jurisdiction exists over the claims of any remaining diverse plaintiffs. *See PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1310 (11th Cir. 2016) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005)).

12. Accordingly, this Court has diversity jurisdiction over the Action.

**III. This Action Is Removable Under the Class Action Fairness Act of 2005.**

13. Plaintiff seeks to bring this Action as a putative class action. Compl. ¶¶ 24-31.

14. Removal based on diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") is proper because (i) the aggregate number of putative class members is 100 or greater; (ii) minimal diversity of citizenship exists between Plaintiff and Saniderm; and (iii) the amount in controversy exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453.

15. Saniderm denies Plaintiff's factual allegations and denies that Plaintiff, or the class she purports to represent, is entitled to the requested relief; however, based on Plaintiff's allegations and her prayer for relief, all requirements for jurisdiction under CAFA have been met.

**A. The Putative Class Has More Than 100 Members.**

16. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

17. Plaintiff's proposed class is "[a]ll persons and entities that reside in Florida whose caller identification service was transmitted a telephone number that was not capable of receiving telephone calls when Saniderm Text Message Sales Calls were made to them since July 1, 2021." Compl. ¶ 25.

18. Plaintiff alleges that the "proposed class exceeds 100 members." Compl. ¶ 26. Accordingly, the putative class size satisfies the first element of CAFA's removal test.

**B. Minimal Diversity Exists Between the Parties.**

19. CAFA requires only "minimal diversity"—*i.e.,* that the citizenship of at least one putative class member differs from that of at least one defendant. 28 U.S.C. § 1332(d)(2)(A).

20. As noted above, Plaintiff and Saniderm are citizens of different states. Thus, CAFA's minimal diversity requirement is satisfied.

**C. The Amount in Controversy Requirement Is Satisfied.**

21. Plaintiff does not plead a specific amount in controversy, so Saniderm need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

22. Under CAFA, the "claims of the individual class members must be aggregated." 28 U.S.C. § 1332(d)(6). "[CAFA] tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the . . . proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). Attorneys' fees are properly included in the calculation. The value of injunctive relief should also be included in the amount in controversy calculation. If the Court is uncertain whether the amount in controversy exceeds $5 million, "the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report No. 109-14, at 42 (2005); *see also Dart Cherokee*, 135 S. Ct. at 554 (noting "that no antiremoval presumptions attend cases invoking CAFA").

23. While Plaintiff does not assert a specific amount of damages within the Complaint, a plaintiff who seeks to represent a class may not avoid federal jurisdiction by stipulating that the amount in controversy does not exceed five million. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

24. In her Complaint, Plaintiff seeks a judgment for $500 in liquidated damages for each violation of the FTSA, plus pre-judgment interest and allowable costs; an injunction affecting Saniderm's marketing and technical systems; payment of a court-appointed trustee; reasonable attorneys' fees; and even "an incentive bonus to Plaintiff for her efforts as Class Representative." *See* Compl. ¶¶ 35-37.

25. Accordingly, removal is proper because together these requested remedies easily exceed the $5 million required for federal diversity jurisdiction under CAFA.

**D. No CAFA Exception Applies.**

26. This action does not fall within any exception to CAFA removal jurisdiction under 28 U.S.C. §§ 1332(d) or 1453(d), and Plaintiff has the burden of proving otherwise.

**IV. Saniderm Has Satisfied All Other Requirements for Removal.**

27. Venue. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because the Action was originally filed in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and this district encompasses the county in which this Action has been pending.

28. Attachment of Pleadings. Pursuant to 28 U.S.C. § 1446(a), Saniderm hereby provides this Court with copies of all process, pleadings, and orders served on and/or received by Saniderm in the Action, attached as Composite Exhibit B.

29. Notice to State Court and Plaintiff. Upon the filing of this Notice of Removal in the United States District Court for the Southern District of Florida, written notice of removal will be given to Plaintiff. Saniderm will promptly serve on Plaintiff and file with the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, a Notice of Filing of Notice of Removal to Federal Court, as required by 28 U.S.C. § 1446(d).

**V. Non-Waiver of Defenses.**

30. Saniderm expressly reserves all of its defenses. By removing the Action to this Court, Saniderm does not waive any rights or defenses available under federal or state law. Saniderm expressly reserves the right to move for dismissal of the Complaint under Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be interpreted as an admission that Plaintiff's allegations are sufficient to state a claim for relief or have any merit.

## CONCLUSION

31. Defendant Saniderm respectfully requests that the above-described Action now pending against it in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, be removed to the United States District Court for the Southern District of Florida.

Dated: November 12, 2025

Respectfully submitted,

**Briones PC**
1801 Century Park, Suite 1840
Los Angeles, CA 90067
Telephone: (786) 385-3384

By: */s/ Yasmin Restrepo*
Yasmin Restrepo

*Attorneys for Defendant Saniderm Medical LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/ Yasmin Restrepo
Yasmin Restrepo

# Exhibit A

MIKE CARUSO
CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY

CASE NUMBER: 50-2025-CA-010164-XXXA-MB
CASE STYLE: STANGE, BROOKLYNNE V SANIDERM MEDICAL LLC
ACCESS LEVEL: D

Search Criteria Search Results Case Info Party Names Dockets & Documents Case Fees Court Events

View documents and order certified copies*. See our eCaseView FAQ for step-by-step guidance and information about what documents are available online.

**Document Icons**

Document available. Click icon to view.
Add a certified copy of the document to your shopping cart.
Document is Viewable on Request (VOR). Click to request.
VOR document is being reviewed. Click to be notified when available.

0

Public = VOR = In Process = Page Size: 25

| | | DIN | Effective Date | Description | Notes |
|---|---|---|---|---|---|
| | | 2 | 10/01/2025 | CIVIL COVER SHEET | |
| | | 3 | 10/01/2025 | COMPLAINT | CLASS ACTION-AND JURY DEMAND F/B PLT |
| | | 4 | 10/01/2025 | SUMMONS ISSUED | josh@sjlawcollective.com;shawn@sjlawcollective.com;shawnaheller@gmail.com ISSUED TO SANIDERM MEDICAL LLC EFILED |
| | | 1 | 10/03/2025 | DIVISION ASSIGNMENT | AO: Circuit Civil Central - AO (Civil) |
| | | 5 | 10/03/2025 | PAID $411.00 ON RECEIPT 5978225 | $411.00 5978225 Fully Paid |
| | | 6 | 10/03/2025 | DCM DESIGNATION TO THE GENERAL TRACK WITH JURY TRIAL ORDER | JOHN J. PARNOFIELLO 10/03/2025 |
| | | 7 | 11/07/2025 | NOTICE OF APPEARANCE CIVIL | AND DESIGNATION OF EMAIL ADDRESSES F/B ATTY YASMIN RESTREPO COUNSEL FOR DFT |
| | | 8 | 11/07/2025 | MOTION FOR EXTENSION OF TIME | [AGREED] TO RESPOND TO COMPLAINT F/B DFT |

| | | | | | |
|---|---|---|---|---|---|
| | | 9 | 11/07/2025 | AGREED ORDER GRANTING DFT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT" GRANTED. DFT SHALL HAVE THROUGH AND INCLUDING 12/08/25. JUDGE PARNOFIELLO DTD 11/07/25 | GRANTING DFT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT" GRANTED. DFT SHALL HAVE THROUGH AND INCLUDING 12/08/25. JUDGE PARNOFIELLO DTD 11/07/25 |

517-6458bab1-e1bc-4b14-86bc-524949f5dc6a

# Composite Exhibit B

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDA-BDDDBCJ-H Page 1 of 3

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

BROOKLYNNE STANGE
Plaintiff

Case # ___________________
Judge ___________________

vs.
SANIDERM MEDICAL LLC
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.



FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 10/01/2025 05:15:16 PM

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDA-BDDDBCJ-H Page 2 of 3

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDA-BDDDBCJ-H Page 3 of 3

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Joshua Glickman Fla. Bar # 43994
Attorney or party (Bar # if attorney)

Joshua Glickman 10/01/2025
(type or print name) Date

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 1 of 12

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**

Case No.

BROOKLYNNE STANGE, individually and
on behalf of all others similarly situated,

Plaintiff,

vs. **Class Action**

SANIDERM MEDICAL, LLC, **Jury Trial Demand**

Defendant.
________________________________________/

**CLASS ACTION COMPLAINT**
and
**JURY DEMAND**

Plaintiff, Brooklynne Stange, individually, and on behalf of all others similarly situated ("Plaintiffs"), brings this class action against Saniderm Medical, LLC ("Saniderm"), and alleges as follows.

**PRELIMINARY STATEMENT**

1. This is an action for injunctive and declaratory relief, and damages for violations of the Caller ID Rules, Fla. Stat. § 501.059(8)(b), of the Florida Telephone Solicitation Act ("FTSA"). The FTSA's Caller ID Rules apply to solicited and consented to Telephonic Sales Calls, and as such, claims for Caller ID Rules violations are not subject to Fla. Stat. § 501.059(10)(c), which requires notice and an opportunity to cease sending unwanted text message solicitations, before claims for "text message solicitations ... the called party does not consent to receive" can be brought.



FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 10/01/2025 05:15:16 PM

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 2 of 12

2. The FTSA's Caller ID Rules require that persons making Telephonic Sales Calls[1] transmit – to the consumer's caller identification service – a telephone number that is capable of receiving telephone calls. And, unlike claims for damages for text message solicitations the called party does not consent to receive, claims for violations of the Caller ID Rules are equally applicable to all Telephonic Sales Calls (phone calls, text messages, or voicemails), regardless of whether they are solicited or consented to, and irrespective of whether the offending phone call, text message or voicemail is traditional, automated, or recorded.

3. The Caller ID Rules are a critical provision of the FTSA that are designed to ensure that when Telephonic Sales Calls are made, the phone number transmitted to the recipient's Caller ID service can be both viewed and called back by the consumer. Put simply, the Florida Legislature has mandated that when callers make Telephonic Sales Calls to consumers, they at the very least must transmit to the consumer's Caller ID service a telephone number that can be viewed and is capable of receiving telephone calls.

4. The importance and purpose of these protections is unmistakable, and because the Caller ID Rules dictate what information must be transmitted whenever a person makes any Telephonic Sales Call – including Telephonic Sales Calls that are desired and/or solicited by the called party – violations of the Caller ID Rules cannot be remedied

---

[1] "Telephonic Sales Call" is defined as "a telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 3 of 12

by the cessation of the Telephonic Sales Calls themselves[2] and cannot be consented to or waived by the recipient(s) of the Telephonic Sales Calls.

5. In short, whenever a person either makes any type of Telephonic Sales Call or causes one to be made, that person must ensure that a telephone number is transmitted with that Telephonic Sales Call to the consumer's Caller ID service that is capable of receiving telephone calls. Whenever Telephonic Sales Call are made without the transmission of a telephone number that is capable of receiving telephone calls, the Caller ID Rules have been violated and the aggrieved party may bring an action for liquidated damages, and injunctive and declaratory relief.

6. In direct contravention of the Caller ID Rules, however, many callers, such as Defendant, make Telephonic Sales Calls a central part of their marketing strategy, and in doing so, intentionally transmit telephone numbers to recipient's Caller ID services that are not capable of receiving telephone calls.

7. As such, Plaintiff, brings this action alleging that Defendant violated the FTSA's Caller ID Rules by transmitting a phone number that was not capable of receiving phone calls when it made Telephonic Sales Calls by text message ("Text Message Sales Calls").

8. Specifically, Defendant made Text Message Sales Calls that promoted Saniderm ("Saniderm Text Message Sales Calls") and violated the Caller ID Rules when it transmitted to the recipients' caller identification services a telephone number that was not capable of receiving telephone calls.

---

[2] *See* Fla. Stat. § 501.059(10)(c), Florida Statutes (notice and cure prerequisite to "claims for damages for text message solicitations ... the called party does not consent to receive").

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 4 of 12

9. Plaintiff, individually and on behalf of a class of persons similarly situated, seeks liquidated damages for each violation.

10. Plaintiff, individually and on behalf of a class of persons similarly situated, further seeks injunctive relief to ensure Defendant complies with the Caller ID Rules when it makes Saniderm Text Message Sales Calls.

**JURISDICTION AND VENUE**

11. This is an action for damages that in the aggregate for the Plaintiff Class are in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorneys' fees. Moreover, the Circuit Court has jurisdiction pursuant to Florida Statutes §§ 26.012(2)(c) and 26.012(3), as this action seeks declaratory and injunctive relief pursuant to the FTSA to ensure Defendant complies with the Caller ID Rules when it makes Saniderm Text Message Sales Calls.

12. This Court has personal jurisdiction over Defendant as it is engaged in solicitation or service activities within this state of Florida, and Defendant's products, materials, or things processed, serviced, or manufactured by the Defendant are used or consumed within the state of Florida in the ordinary course of commerce, trade, or use.

13. Venue is proper in this Circuit the cause of action accrued in Palm Beach County, Florida.

**PARTIES**

14. Plaintiff, Brooklynne Stange, is the regular user of a cellular telephone number that receives Defendant's telephonic sales calls ("Plaintiff's Cell Phone"), and she resides in Palm Beach County, Florida.

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 5 of 12

15. Defendant, Saniderm Medical, LLC, is Foreign Corporation, which sells various goods to persons throughout the country through its online store.

## GENERAL ALLEGATIONS

16. Plaintiff's Cell Phone has received Saniderm Text Message Sales Calls, including:




17. Defendant transmitted 833-261-7657 to Plaintiff's Cell Phone's caller identification service when it made the Saniderm Text Message Sales Calls.

18. Plaintiff called 833-261-7657, and call could not be completed.

19. As such, with each Saniderm Text Message Advertisement, Defendant transmitted a telephone number to the Caller ID Service of Plaintiff and the Plaintiff Class that was not capable of receiving telephone calls, as explicitly required by the FTSA's Caller ID Rules.

20. The FTSA's Caller ID Rules require any person "who makes a telephonic sales call or causes a telephonic sales call to be made to … transmit … the originating telephone number," or, as a substitution, "the name of the seller on behalf of which a telephonic sales call is placed and the seller's customer service telephone number, which is answered during regular business hours" ("Customer Service Number"), to the recipient's caller identification service.

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 6 of 12

21. Whether transmitting the originating telephone number or the Customer Service Number, a person violates the Caller ID Rules when it makes a telephonic sales call or causes a telephonic sales call to be made and fails to "ensure that [the] telephone number [transmitted to the recipient's caller identification service] is capable of receiving telephone calls."

22. Here, Defendant made Saniderm Text Message Sales Calls to Plaintiff and the Plaintiff Class and, in doing so, transmitted to the Plaintiff's and the Plaintiff Class's caller identification service a telephone number that was not capable of receiving telephone calls.

23. As such, Plaintiff, individually and on behalf of a class of persons similarly situated, sues Defendant for its actions that violate the FTSA's Caller ID Rules.

## CLASS REPRESENTATION ALLEGATIONS

24. Plaintiff brings this action as a class action, pursuant to Rule 1.220(a) and 1.220(b)(2) and 1.220(b)(3), Florida Rules of Civil Procedure, for liquidated damages on behalf of itself and a class of all persons similarly situated, and injunctive and declaratory relief concerning the class as a whole.

25. Plaintiff brings this class action pursuant to the FTSA's Caller ID Rules, and is a member of and seeks to represent a class of persons ("Plaintiff Class") defined as:

> All persons and entities that reside in Florida whose caller identification service was transmitted a telephone number that was not capable of receiving telephone calls when Saniderm Text Message Sales Calls were made to them since July 1, 2021.

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 7 of 12

26. Class Size (Fla. R. Civ. P. 1.220(a)(1)): Plaintiff, upon information and belief, avers that the proposed class exceeds 100 members. The class size is so numerous that joinder of all members is impracticable and uneconomical.

27. Commonality (Fla. R. Civ. P. 1.220(a)(2)): There are questions of law and fact common to all members of the Plaintiff Class. Common material questions of fact and law include, but are not limited to, the following:

a. whether Defendant violated the FTSA's Caller ID Rules by transmitting a phone number to Plaintiffs' Caller ID Service that was incapable of receiving telephone calls when it made Saniderm Text Message Sales Calls to Plaintiffs;

b. whether Plaintiffs are entitled to liquidated damages;

c. whether Plaintiffs are entitled to a declaration that Defendant violated the Caller ID Rules; and

d. whether Plaintiffs are entitled to an injunction requiring Defendant to transmit to Plaintiffs' caller identification services a telephone number that is capable of receiving telephone calls when making Saniderm Text Message Sales Calls.

28. Typicality (Fla. R. Civ. P. 1.220(a)(3)): The claims of the named Plaintiff are typical of the claims of all members of the Plaintiff Class. Defendant made Saniderm Text Message Sales Calls to Plaintiffs and transmitted to Plaintiffs' caller identification service a telephone number that was incapable of receiving telephone calls. Plaintiff raises questions of fact and law common to the Plaintiffs, and Plaintiffs' injuries arise from the same conduct as all members of the Plaintiff Class. Defendant has acted in the same or in a similar manner with respect to the named Plaintiff and all members of the Plaintiff Class.

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 8 of 12

29. Fair and Adequate Representation (Fla. R. Civ. P. 1.220(a)(4)): The named Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff is committed to this cause, will litigate vigorously, and is aware of the fiduciary duties of a class representative. Plaintiff's interests are consistent with and not antagonistic to the interests of the Plaintiff Class. Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent herself and the Plaintiff Class.

30. Class counsel is experienced in class action litigation and has successfully litigated class claims under consumer protection and civil rights statutes.

31. Predominance and Superiority (Fla. R. Civ. P. 1.220(b)(3)): A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties. Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a. proof of Plaintiff's claims will also prove the claims of the Plaintiff Class without the need for separate or individualized proceedings;

b. evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come from Defendant's records (or that of its agents who made the Saniderm Text Message Sales Calls) and will not require individualized or separate inquiries or proceedings;

c. Defendant has acted and may be continuing to act pursuant to common policies or practices by making the Saniderm Text Message Sales Calls to Plaintiff and the Plaintiff Class and, in doing so, transmitting to Plaintiff and the Plaintiff

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 9 of 12

Class's caller identification service a telephone number that was incapable of receiving telephone calls;

d. the amount likely to be recovered by individual class members does not support individual litigation;

e. a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f. this case is inherently manageable as a class action in that:

i. Defendant or its agent(s) identified the persons or entities to make the Saniderm Text Message Sales Calls to and it is believed that Defendant's computer and business records, or those of its agents, will enable the Plaintiff to readily identify class members and establish liability;

ii. liability and liquidated damages can be established for the Plaintiff and for the Plaintiff Class with the same common proofs;

iii. liquidated damages for violations of the FTSA are the same for each class member;

iv. a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

v. a class action will contribute to uniformity of decisions concerning Defendant's practices; and

vi. as a practical matter, the claims of the class members are likely to go unaddressed absent class certification.

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 10 of 12

**Count 1**
**Claim for Relief for Violations of the FTSA's Caller ID Rules**

32. Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set forth in paragraphs 1 through 31, above.

33. This is an action by named Plaintiff, Brooklynne Stange, and the Plaintiff Class against Defendant Saniderm for violating the Caller ID Rules of the FTSA (Fla. Stat. § 501.059(8)(b)).

34. Defendant, Saniderm Medical, LLC, violated the FTSA's Caller ID Rules by making Saniderm Text Message Sales Calls to Plaintiffs, and in doing so, transmitted to Plaintiffs' caller identification service a telephone number that was not capable of receiving telephone calls.

35. The named Plaintiff and the members of the Plaintiff Class are entitled to $500 in liquidated damages against Defendant for each violation of the Caller ID Rules.

36. The named Plaintiff and the members of the Plaintiff Class are entitled to a declaration that Defendant's actions, as set out above, violate the FTSA's Caller ID Rules.

37. The named Plaintiff and the members of the Plaintiff Class are entitled to an injunction requiring Defendant to transmit to Plaintiffs' caller identification services a telephone number that is capable of receiving telephone calls.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, Saniderm Medical, LLC, and requests an order:

A. certifying this action as a class action pursuant to Rule 1.220, appointing Plaintiff, Brooklynne Stange, as the representative of the class, and appointing Plaintiff's undersigned counsel as counsel for the Plaintiff Class;

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 11 of 12

B. finding that Defendant, Saniderm, made Saniderm Text Message Sales Calls to Plaintiff and the Plaintiff Class, and, in doing so, transmitted to Plaintiffs' caller identification services a telephone number that was not capable of receiving telephone calls in violation of the FTSA's Caller ID Rules;

C. finding that Defendant, Saniderm Medical, LLC is liable to pay liquidated damages of $500 for each violation of the FTSA's Caller ID Rules;

D. declaring that Defendant's actions, as set out above, violate the FTSA's Caller ID Rules;

E. entering an injunction requiring Defendant to transmit to Plaintiffs' caller identification services a telephone number that is capable of receiving telephone calls when making Saniderm Text Message Sales Calls;

F. entering a judgment in favor of the Plaintiff and the Plaintiff Class for the total amount of liquidated damages plus pre-judgment interest and allowable costs;

G. requiring Defendant Saniderm to pay a court appointed trustee the full amount of liquidated damages, interest and costs to be distributed to the Plaintiffs after deducting costs and fees as determined by the Court;

H. awarding reasonable attorneys' fees, and reimbursing the costs advanced for Plaintiffs;

I. granting an incentive bonus to Plaintiff for her efforts as Class Representative; and

J. granting further and other relief as may be appropriate.

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDB-BDDDBDA-E Page 12 of 12

**JURY DEMAND**

Plaintiff and the Plaintiff Class demand trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com
Social Justice Law Collective, PL
974 Howard Ave.
Dunedin, FL 34698
(202) 709-5744
(866) 893-0416 (Fax)
Attorneys for the Plaintiff

By: *s/ Joshua A. Glickman*
Joshua A. Glickman, Esq.

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDC-BDDDBDB-B Page 1 of 2

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**

Case No.

BROOKLYNNE STANGE, individually and
on behalf of all others similarly situated,

Plaintiff,

vs. **Class Action**

SANIDERM MEDICAL, LLC, **Jury Trial Demand**

Defendant.
_______________________________________/

**CIVIL ACTION SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of Said State (or selected Process Server):

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**SANIDERM MEDICAL, LLC**
**C/O NATALIE HUGHES (RA)**
**1042 E FORT UNION BLVD**
**#1223**
**Midvale, UT, 84047**

Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney, whose address is:

Joshua A. Glickman, Esq., josh@sjlawcollective.com
Shawn A. Heller, Esq., shawn@sjlawcollective.com
Social Justice Law Collective, PL
974 Howard Ave.
Dunedin, FL 34698

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's



FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 10/01/2025 05:15:16 PM

Unique Code : CAA-FBH-BCAJJ-CCFDEFIDC-BDDDBDB-B Page 2 of 2

attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED on OCTOBER 3, 2025.

Clerk of the Circuit Court

By: [signature]

As Deputy Clerk SEAN CONNER

(Court Seal)

**If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

**Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

BROOKLYNNE STANGE, individually and on behalf of all others similarly situation,

CASE NO: 50-2025-CA-010164-XXXA-MB

Plaintiff,

vs.

SANIDERM MEDICAL, LLC,

Defendant.
_______________________________________//

**AGREED MOTION FOR EXTENSION OF**
**TIME TO RESPOND TO COMPLAINT**

Defendant, Saniderm Medical, LLC ("Saniderm"), moves this Court for an extension of time within which to respond to the Complaint, through and including December 8, 2025. In support, Defendant states:

1. This action was filed on October 1, 2025.

2. Defendant was served on October 13, 2025.

3. Defendant recently retained undersigned counsel to represent it in this action.

4. Defendant and its counsel are currently reviewing the underlying facts of this dispute, and require an extension of time to most appropriately respond to the Complaint.

5. Defendant seeks an extension through December 8, 2025 to respond to the Complaint.

6. Undersigned counsel has conferred with counsel for Plaintiff regarding this request, and he has agreed to the requested relief.

7. This motion is not brought for purposes of delay and will not prejudice Plaintiff at this early stage of the litigation.

**WHEREFORE**, Saniderm respectfully requests that the Court enter the Agreed Order attached at **Exhibit A**, and submitted through the Fifteenth Circuit Court's Online Services page, granting Saniderm an extension of time, through and including December 8, 2025, within which to serve its response to the Complaint.

**CERTIFICATE OF CONFERRAL**

I certify that prior to filing this motion, I discussed the relief requested in this motion by email on November 6, 2025 with the opposing party and the opposing party agrees on the resolution of all of the motion.

Dated this 7th day of November 2025.

Respectfully submitted,

**BRIONES PC**
1801 Century Park East
Suite 1840
Los Angeles, CA 90067
Telephone: (786) 385-3384
Email: yasmin@brionespc.com

By: /s/ Yasmin Restrepo
Yasmin Restrepo
Florida Bar No.: 117372

*Attorney for Defendant Saniderm Medical LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Florida Court's E-Filing portal on all counsel of record and the Palm Beach County Clerk of Court on this 7th day of November, 2025.

By: /s/ Yasmin Restrepo
Yasmin Restrepo

# Exhibit A

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

BROOKLYNNE STANGE, individually and on behalf of all others similarly situation,

Plaintiff,

vs.

CASE NO: 50-2025-CA-010164-XXXA-MB

SANIDERM MEDICAL, LLC,

Defendant.

_________________________________________//

**AGREED ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

THIS CAUSE having come before the Court on the Agreed Motion for Extension of Time to Respond to the Complaint, filed by Defendant, Saniderm Medical, LLC, the parties being in agreement, and the Court being fully advised in the premises, it is hereby:

**ORDERED and ADJUDGED:**

1. Defendant's Motion is GRANTED.
2. Defendant Saniderm Medical, LLC shall have through and including December 8, 2025 to respond to the Complaint.

**DONE and ORDERED** in Chambers at Palm Beach County, Florida, this ___ day of November 2025.

______________________________

HON. JOHN J. PARNOFIELLO
CIRCUIT COURT JUDGE

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

BROOKLYNNE STANGE, individually and on behalf of all others similarly situation,

CASE NO: 50-2025-CA-010164-XXXA-MB

Plaintiff,

vs.

SANIDERM MEDICAL, LLC,

Defendant.

_____________________________________//

**AGREED ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

THIS CAUSE having come before the Court on the Agreed Motion for Extension of Time to Respond to the Complaint, filed by Defendant, Saniderm Medical, LLC, the parties being in agreement, and the Court being fully advised in the premises, it is hereby:

**ORDERED and ADJUDGED:**

1. Defendant's Motion is GRANTED.
2. Defendant Saniderm Medical, LLC shall have through and including December 8, 2025 to respond to the Complaint.

**DONE and ORDERED** in Chambers at Palm Beach County, Florida.

502025CA010164XXXAMB 11/07/2025
John J. Parnofiello Circuit Judge
THE 15TH JUDICIAL CIRCUIT OF FLORIDA
ADMINISTRATIVE OFFICE OF THE COURT

502025CA010164XXXAMB 11/07/2025
John J. Parnofiello
Circuit Judge